**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Dennis Mork LAM, Defendant— Appellant.**

No. 08–10210.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2009.

Filed May 27, 2009.

Thomas J. Brady, Assistant U.S., USH–Office of the U.S. Attorney, Honolulu, HI, Candace Kelly, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Donna M. Gray, Assistant Federal Public Defender, Peter C. Wolff, Jr., Federal Public Defender, FPDHI–Federal Public Defender's Office, Honolulu, HI, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, BYBEE and CALLAHAN, Circuit Judges.

MEMORANDUM *

■ Dennis Morks Lam ("Lam") appeals his conviction and sentence for selling methamphetamine. We weigh five factors in determining whether a defendant was predisposed to commit the charged crime in response to an entrapment defense: "(1) the character and reputation of the defendant; (2) whether the government made the initial suggestion of criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance; and (5) the nature of the government's inducement." *United States v. Martinez*, 122 F.3d 1161, 1163 (9th Cir. 1997). "Although none of these factors is controlling, the defendant's reluctance to engage in the criminal activity is the most important." *Id.* Uncontested evidence demonstrated that Lam used, and possibly sold, drugs five to six years prior to the crimes at issue here. While this alone is not sufficient to show predisposition, the other factors largely favor the government. Lam clearly engaged in the crime for profit. Additionally, though Lam expressed some reluctance, he manifested his willingness to commit the crime in several ways: he called the government informant repeatedly when the informant avoided his calls, he agreed to continue with the drug deal though the informant told him that he did not have to, and he agreed to broker multiple drug deals with no pressure from

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

the informant. We therefore conclude that there was sufficient evidence to establish predisposition and we affirm the conviction.

Lam also argues that, as applied to him, 21 U.S.C. § 841(b)(1)(A)'s mandatory ten-year minimum prison sentence violates his due process rights. We disagree. Mandatory minimum sentences do not "violate[ ] the Fifth Amendment's guarantee of due process by removing discretion from the judiciary and placing it in the hands of the prosecutor." *United States v. Hungerford,* 465 F.3d 1113, 1118 (9th Cir. 2006).

**AFFIRMED.**